John DOE, Appellant,

v.

**CIVIL AERONAUTICS BOARD,**
Appellee.

No. 7976.

United States Court of Appeals
Tenth Circuit.

Feb. 17, 1966.

Mearle D. Mason and Theodore H. Hill, Wichita, Kan., for appellant.

O. D. Ozment, Washington, D. C. (Joseph B. Goldman, Stuart M. Levine, Donald F. Turner, Gerald Kadish, U. S. Department of Justice, and John H. Wanner, Washington, D. C., on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

Petitioner seeks review of a Civil Aeronautics Board order denying his application for a pilot's medical certificate based upon its finding in the language of the applicable regulation that he has a " * * * character or behavior disorder severe enough to have repeatedly manifested itself by overt acts." See Civil Air Regulations, Sections 67.13, 67.15, 67.17, subsection (d) (1) (i).

Petitioner has some 15,000 to 20,000 flying hours and holds the highest performance rating awarded a pilot. Upon his release from the Air Force, he was employed as an airline pilot, but during the last few years has taught flying in conjunction with the operation of his own flight service in Wichita, Kansas. In this capacity he is required by the Federal Aviation Agency (FAA) to hold a second class medical certificate. Following hospitalization pursuant to a court order adjudicating him insane, the FAA revoked his medical certificate because he had a character or behavior disorder as defined in part 29 [1] of the regulation. After discharge from the hospital, he applied for review of the FAA action, and his petition was considered by the FAA's Medical Review Board and the Administrator was affirmed.

Thereafter, on petitioner's request and pursuant to 49 U.S.C. § 1422(b), he was given an extensive hearing before an examiner for the Civil Aeronautics Board. The examiner determined in effect that the petitioner does not have and never has had a character or behavior disorder within the meaning of Part 29 of the regulations. He accordingly ordered the issuance of a second class medical certificate. The CAB granted the FAA's petition for discretionary review,

reversed the trial examiner's decision and affirmed the FAA's denial of the medical certificate. Petitioner's motion for rehearing was denied by supplemental opinion, and he applied to this court for review in accordance with 49 U.S.C. § 1486(a).

The petitioner first challenges the validity of the physical fitness standard set out in Part 29 as incapable of reasonable interpretation, therefore, unconstitutionally vague. The validity question was submitted to the Board, but they declined to consider it apparently on the grounds that the validity of FAA regulations is not within the Board's statutory scope of review and, therefore, is foreclosed to consideration on appeal. It is suggested that the regulation must be attacked in the District Court as a prerequisite to appellate review. The legislative history indicates a congressional purpose to withhold validity review from the Board and to vest it in the courts. See Hearing before a Subcommittee on Aviation of the Senate Committee on Interstate Commerce, 85th Congress, 2nd Session on S. 3880; see also 104 Congressional Record 13646 (1958). In any event we do not reach the question, but have only to decide whether, the Board having denied its jurisdiction, we should entertain the question of validity in the first instance.

The statute providing for appellate review does not specifically treat the matter, nor has it been judicially decided.[2] Section 1486(d) vests "exclusive jurisdiction" in the appropriate court of appeals to affirm, modify or set aside an order of the Board in whole or in part. Subsection (e) pertinently provides that "No objection to an order of the Board or Administrator shall be considered by the court unless such objection shall have

---

1. The standards set forth in Sections 67.13, 67.15 and 67.17, subsection (d) (1) (i), are the current citations of the regulation previously set forth in Sections 29.2, 29.3 and 29.4, subsection (d) (l) (i). While the former regulation used slightly different words to express the standard, their meaning is admittedly substantially the same.

2. In Carrington v. CAB, 337 F.2d 913, 917, the Fourth Circuit thought that the question of vagueness of the regulation was so lacking in substance "we need not consider whether or not such questions are properly before us."

been urged before the Board or Administrator or, if it was not so urged, unless there were reasonable grounds for failure to do so."

The purpose of the provisions of subsection (e) limiting judicial review to objections argued before the Board unless " * * * there were reasonable grounds for failure to do so" was, we think, intended to require that all matters within the competence of the Board first be presented and decided there and that judicial review be limited to those matters. But, this does not mean that matters not within the competence of the Board cannot be presented and decided in the first instance on review. It would be an empty and useless thing to review an order of the Board based on a regulation the validity of which might be subsequently nullified. Then too, it does not seem logical or efficacious to require the litigant to maintain two lawsuits, one in the District Court to determine the validity of the regulation, while at the same time challenging the sufficiency of the facts on review from an order of the CAB made pursuant to the challenged regulation. The validity question was raised for the record before the Board and we can see no good reason for not taking cognizance of it here as prerequisite to determination of sufficiency of the evidence to support the Board's order based, as it is, on the regulation.

On the question of validity, it is well to bear in mind that the FAA Administrator, not the courts, is charged with the responsibility of promulgating rules and regulations for minimum standards of safety in air commerce. 49 U.S.C. §§ 1354(a), 1421(a) (5) (6), (b). And, the Administrator is empowered to provide standards for the mental and physical competence of those who are to be issued certificates of authority to operate aircraft in commerce. 49 U.S.C. § 1422(b). To that end the Administrator has provided by regulation that one who possesses "A character or behavior disorder which is sufficiently severe to have repeatedly manifested itself by overt acts" is unfit to operate an aircraft.

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." United States v. Harris, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989; See also Boyce Motor Lines v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367. While our case does not involve requisite explicitness of statutory or regulatory language to give fair warning of proscribed conduct, it does involve the right to engage in a specific occupation, and the regulation purports to erect a standard to govern those who are to judge physical or mental fitness to pursue such occupation. In either case a constitutional right is involved and due process is the touchstone. See Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377; Willner v. Committee on Character, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224; Homer v. Richmond, 110 U.S.App.D.C. 226, 292 F. 2d 719; Fleuti v. Rosenberg, 9 Cir., 302 F.2d 652. While the situation is different, the underlying reason is the same. This means, of course, that petitioner is not only entitled to notice and a fair hearing, but he is entitled to be informed with reasonable certainty and explicitness concerning the standards by which his fitness for a medical certificate to fly an aircraft in commerce is to be judged. Cf. Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992.

Viewed in this light, the regulation clearly meets the constitutional test of requisite certitude. Whether the personality disorder is sufficiently severe to have been repeatedly manifested by overt acts lies in the realm of competent proof. Like other determinations of mental condition or responsibility, the fate of the one involved must rest ultimately in the fallible hands of the triers of the facts. See N.L.R.B. v. Local 239, Internat'l Bro. of Teamsters, etc., 2 Cir., 289 F.2d 41; N.L.R.B. v. Sapulpa Typographical Union

No. 619, 10 Cir., 321 F.2d 771; Nash v. United States, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232.

■ A competent psychologist testifying for the Administrator expressed the view that a character or personality disorder is primarily manifested in difficulty with authority and that petitioner's mental tests " * * * exhibits a clear and severe chronic and long standing character behavior disorder pattern." The Board then proceeded to review the overt acts which it relied upon as manifesting petitioner's difficulty with authority and other antisocial behavior. Among these were petitioner's actions with a student pilot and his employees, his continual failure to adhere to FAA maintenance requirements and finally his actions at a motel where an FAA investigator was staying. Without delineating the detailed facts relied upon, it is enough to say that they were entirely sufficient to support the ultimate findings of the Board.

The order is affirmed.