Howard M. NEWMAN, Petitioner,

v.

John H. SHAFFER, Administrator, Federal Aviation Administration, and National Transportation Safety Board, Respondents.

No. 679, Docket 73–1086.

United States Court of Appeals, Second Circuit.

Argued March 20, 1974.

Decided April 5, 1974.

———◆———

John C. Barney, Ithaca, N. Y. (Buyoucos & Barney, New York City, on the brief), for petitioner.

James C. Hair, Jr., Atty., Dept. of Justice (Irving Jaffe, Acting Asst. Atty. Gen., Robert E. Kopp, Atty., Washington, D. C., on the brief), for respondents.

Before LUMBARD, FEINBERG and MULLIGAN, Circuit Judges.

FEINBERG, Circuit Judge:

Howard M. Newman petitions for review of an order of the National Transportation Safety Board holding he had violated 14 C.F.R. § 91.170(a) (the Regulation) [1] and suspending his commercial pilot certificate for 30 days. The Board found that Newman, in operating aircraft covered by the Regulation, had committed violations in two respects: First, he had flown aircraft

---

1. 14 C.F.R. § 91.170(a) provides in relevant part:

No person may operate an airplane in controlled airspace under [instrument flight rules] unless, within the preceding 24 calendar months, each static pressure system and each altimeter instrument has been tested and inspected and found to comply with Appendix E of Part 43 of this chapter. . . .

Appendix E provides in relevant part:

Each person performing the altimeter system tests and inspections required by § 91.170 shall comply with the following:

\*     \*     \*     \*     \*

(c) Records: Comply with the provisions of § 43.9 of this chapter as to content, form, and disposition of the records. The person performing the altimeter tests shall record on the altimeter the date and maximum altitude to which the altimeter has been tested and the persons approving the airplane for return to service shall enter that data in the airplane log or other permanent record.

whose altimeters had not been timely tested, and second, Newman had not first made sure, as he was required to, that permanent records had been kept of safety inspections of the altimeters.

Newman argues to us that the proof at the administrative hearing that the altimeters had not been checked was insufficient. (Newman says they had been tested, with the results entered on "yellow tags" affixed to the altimeters themselves.) But the absence of logbook entries confirming the inspections made out a prima facie case of failure to inspect and shifted the burden of going forward with the evidence to petitioner. Against this, Newman maintains that Federal Aviation Administration inspectors were invited to examine the yellow tags and should have done so. In light of our holding, infra, that the tags were not permanent records, the shift of burden was proper. Nor was the burden satisfied. Despite fair opportunity to present testimony at the hearing, Newman failed to produce a single witness who was willing to swear that the inspections had in fact taken place.

Newman also claims that the "yellow tags" met the "permanent record" requirement. Even if this were correct, it would not be controlling for Newman does not contend that he examined the tags before operating the aircraft. More importantly, the claim that the tags were permanent records is unsound. The Regulation incorporates the requirements of Appendix E, 14 C.F.R. part 43, which provides that the results of inspections be entered both on the altimeter itself and also in the "airplane log or other permanent record." See note 1 supra. Unless this phrase is mere surplusage, which we refuse to hold, the tags allegedly affixed to the altimeters did not constitute permanent records under the Regulation. This interpretation accords with the purpose of the record-keeping requirement which is, as the administrative law judge indicated, to enable airmen conveniently to determine whether safety inspections have been performed.

We have carefully considered petitioner's other arguments, and they are all without merit. The petition for review is denied.