Ray Allen SANCHEZ, Appellant,

v.

NATIONAL TRANSPORTATION SAFETY BOARD, Appellee.

No. 76–2065.

United States Court of Appeals, Tenth Circuit.

Submitted on Briefs March 15, 1978.

Decided April 28, 1978.

John P. Viebranz, of Nordhaus, Moses & Dunn, Albuquerque, N. M., for appellant.

Barbara Allen Babcock, Asst. Atty. Gen., Morton Hollander and Donald Etra, Attys., Civ. Div., App. Section, Dept. of Justice, Washington, D. C., for appellee.

Before SETH, Chief Judge, and McWILLIAMS and McKAY, Circuit Judges.

SETH, Chief Judge.

This is an appeal or review by Ray A. Sanchez from an order of the National Transportation Safety Board which affirmed the decision of the Administrative Law Judge and which suspended appellant's commercial pilot's license for thirty days. The review is pursuant to 49 U.S.C. § 1903(d).

The appellant was found during the course of the administrative proceedings to have violated 14 C.F.R. § 91.79(b) by flying with a passenger below 1,000 feet over a congested area while on a visual flight rules

**1056**

flight, and flying in a careless manner. Appellant concedes that the flight was below the prescribed altitude over the City of Albuquerque. However, he asserts that the combination of the weather or wind conditions, and the capabilities of his plane prevented him from climbing to the required height. Thus his course of action was the proper or only choice available under the unforeseeable meteorological conditions. The flight in question was between two airports serving Albuquerque and would ordinarily take about fifteen minutes.

The Board recognized the availability of an affirmative defense such as was offered by the appellant, but held that it could not be "predicated upon circumstances which were created by respondent's own actions or omissions," and that the respondent had the burden of proof on the point. The hearing officer made the factual determination as to conditions existing in the area at the time. There was testimony of a police officer who was flying in the area at the time, and who observed the defendant's flight over the congested area.

The Board also made findings as to the alternatives open to respondent, the lack of prudence, or careless operation in proceeding if the aircraft was performing as poorly as respondent indicated. Thus in substance the Board found that the circumstances were created by respondent's poor judgment in proceeding with the flight over the congested area.

 Under the statutory provisions for review, we must uphold the Board's findings of fact if in the record there is substantial evidence to support them. 49 U.S.C. § 1486(e). *Haines v. Department of Transportation*, 145 U.S.App.D.C. 411, 449 F.2d 1073; *Doe v. Department of Transportation*, 412 F.2d 674 (8th Cir.); *French v. C.A.B.*, 378 F.2d 468 (10th Cir.). The agency made fact and credibility determinations which are well within the evidence before the Board. Substantial evidence supports the findings that respondent was responsible for the circumstances he encountered in view of the obvious weather conditions and his knowledge of the temperature, the hu-

midity, and the capabilities of his plane. Also the evidence is substantial to support the finding that it was not necessary for respondent to proceed over the congested area once he started on the flight, and to persist on the original course was a careless act. The respondent, observing the weather conditions at the start of the flight, anticipated that problems would develop.

Thus we must conclude that there is in the record substantial evidence to support the findings of fact by the Board, and the order was thus entered. We further conclude that the sanction imposed was within permissible limits, and an assertion of inconsistent enforcement is not pertinent on this review.

The petition for review is dismissed.