Donald Lee **WALTERS**, Petitioner,

v.

John L. **McLUCAS**, Administrator, Federal Aviation Administration, Respondent.

No. 77–1837.

United States Court of Appeals, Ninth Circuit.

May 29, 1979.

[redacted] 

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

David F. Aberson, Encino, Cal., for petitioner.

Morton Hollander, Washington, D. C., on brief; Donald Etra, Washington, D. C., for respondent.

[redacted]

Before KENNEDY and HUG, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Walters petitions this court to review an order of the National Transportation Safety Board (Board) which upheld the revocation of his private pilot license by the Federal Aviation Administration. The bases for the revocation were that he violated Federal Aviation Regulations and had been convicted of possessing marijuana for sale.

On the night of December 17, 1975, Deputies Chapin and Mergell of the Mojave County, Arizona Sheriff's Office kept watch for drug smuggling activities at an isolated and deserted airstrip. A few hours after the Deputies arrived, they heard a plane flying low over the airstrip. The Deputies did not see the plane until moments before it landed; until then the plane was being operated without lights.

When the engines were shut down, Chapin approached the plane and questioned the pilot. The pilot identified himself as "Don Walters." Chapin then examined four documents which the pilot produced: a pilot certificate, California driver's license, a medical certificate, and a radio telephone operator's certificate. Each document was in the name of and signed "Donald Lee Walters."

The Deputies inspected the plane and found that its registration marks were concealed by a patch which showed false marks. Inside the cabin, where all but one of the four seats had been removed, the Deputies found 12 five-gallon cans of gasoline.

The pilot was arrested for conspiracy to smuggle marijuana.

On the following day, a third Deputy inspected the plane and found that the tachometer cables had been disconnected. Later, the Deputies found that the plane was owned and registered in California by the Petitioner's business partner.

In May 1976, the Federal Aviation Administration (FAA) revoked Petitioner's pilot license because of his 1974 marijuana conviction, 14 C.F.R. § 61.15,[1] and because

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 14 C.F.R. § 61.15 provides that "(a) No person who is convicted of violating any Federal or State statute relating to the growing, processing, manufacture, sale, disposition, possession, transportation, or importation of . . . marihuana . . . is eligible for any certificate or rating issued under this part for a period of 1 year after the date of final conviction.

[redacted]

of six violations of Federal Aviation Regulations committed during the flight on December 17, 1975.

Petitioner appealed asserting that 14 C.F.R. § 61.15 was invalid because it exceeded the FAA's statutory authority and because the FAA lacked "unequivocal" proof that he was the arrested pilot.

At a hearing before an Administrative Law Judge in September 1976, Deputy Chapin testified that the photograph on the driver's license was of the pilot he arrested.

Petitioner did not testify or call witnesses. The Judge found that the FAA proved, by a preponderance of "credible, reliable, probative, and substantial evidence," that Petitioner was the arrested pilot and that he violated Federal Aviation Regulations.

The Judge upheld the FAA order of revocation after rejecting Petitioner's contentions that section 61.15 exceeded the FAA's statutory authority and was constitutionally invalid.

Petitioner again appealed, this time to the National Transportation Safety Board. The Board held that section 61.15 is reasonably related to the safety purpose of the Federal Aviation Act, 49 U.S.C. § 1421 *et seq.*, and that there is a rational connection between drug trafficking in the past and unsafe aircraft operations in the future. The Board also decided that the Judge applied the correct standard of proof on the issue of identity. It found no grounds for disturbing the Judge's findings of fact on that issue and affirmed.

In this court, Petitioner renews both challenges to the revocation order.

■ We hold that there is a rational relation between a conviction for the possession of drugs for sale and the unsafe use of aircraft for drug smuggling, and that section 61.15 is constitutionally valid.

" . . . (c) Any conviction specified in paragraph (a) of this section . . . is grounds for suspending or revoking any certificate or rating issued under this part."

2. Even if the Petitioner were correct in contending that the identity issue must be proved by "clear, convincing, and unequivocal evi-

■ We also reject Walters' contention that the Judge applied the wrong standard of proof on the issue of identity. The Sheriff's Deputies' testimony made out a *prima facie* case that Petitioner was the pilot they arrested. The burden shifted to Petitioner to present evidence that he was not the pilot. *Newman v. Shaffer*, 494 F.2d 1219 (2nd Cir. 1974).

Walters presented no evidence.

■ Proof by a preponderance of reliable, probative, and substantial evidence is the proper standard. 5 U.S.C. § 556(d). Here the agency met that standard.[2]

The petition for review of the revocation order is therefore

DENIED.

dence," the evidence here satisfied that standard.