Lee SORENSON, Petitioner,

v.

The **NATIONAL TRANSPORTATION SAFETY BOARD and Charles E. Wei-thoner, Acting Administrator, Federal Aviation Administration, Respondents.**

No. 81–1620.

United States Court of Appeals,
Tenth Circuit.

July 28, 1982.

David Paul White, Salt Lake City, Utah, for petitioner.

Lawrence J. Leigh, Asst. U. S. Atty., Salt Lake City, Utah, and Mardi R. Thompson, Trial Atty., Regulations and Enforcement Div., Federal Aviation Admin., Washington, D. C., for respondents.

Before SETH, Chief Judge, and HOLLO-WAY and BARRETT, Circuit Judges.

SETH, Chief Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.

The petitioner, Lee Sorenson, seeks review of the National Transportation Safety Board's order revoking his commercial pilot certificate. The Board found that Mr. Sorenson violated 14 C.F.R. §§ 91.11(a)(1) and (2) which prohibit a pilot from piloting an aircraft within eight hours of drinking an alcoholic beverage or while under the influence of alcohol. The Board also found that he violated 14 C.F.R. § 91.9 prohibiting the reckless or careless operation of an aircraft. As a sanction for these violations the Board affirmed the administrator's revocation of petitioner's pilot certificate. On appeal Mr. Sorenson claims several evidentiary and constitutional errors.

Mr. Sorenson held a commercial pilot's license. On September 16, 1979 he prepared to depart from the Fresno Air Terminal in his private aircraft by himself. He went to the airport coffee shop or snack bar before preflighting his plane. The waitress who worked there at the time testified that Mr. Sorenson had trouble walking, his speech was slurred, and he smelled strongly of wine. He left the coffee shop and walked through the lobby of the terminal carrying a large suitcase and a cup of coffee. Mr. Brewer, an air traffic control specialist, saw Mr. Sorenson walking unsteadily and spilling coffee. As Mr. Brewer watched the petitioner preflight his aircraft, he noticed that he spilled a considerable amount of oil on his clothes, shoes, and on the ground. Mr. Brewer spoke to Mr. Sorenson and observed slurred speech, stumbling, and a strong alcohol odor.

Mr. Brewer reported the incident to Mr. Miles of the airport security force. Mr. Miles contacted the air national guard to investigate the situation at the aircraft parking area. Mr. Duncan and two other guardsmen arrived at the transient parking area where Mr. Sorenson had taxied the airplane. They signalled him to stop and unboard. Mr. Duncan asked the petitioner a few preliminary questions and gave him a field sobriety test which required the recital of the alphabet. Mr. Sorenson had trouble reciting past the letter "m." Mr. Miles, meanwhile, had arrived. These witnesses testified that Mr. Sorenson was unsteady, had slurred speech, and smelled of alcohol.

Mr. Miles suggested that Mr. Sorenson wait a few hours before flying. No arrest was made.

Mr. Sorenson walked by himself from the airplane parking area and had some coffee at the airport coffee shop. Then he returned to his hotel. Several hours later he went to the airport, talked with the security personnel as Mr. Miles requested, and was then permitted to fly to Salt Lake City.

Following this incident the Federal Aviation Administration ordered the revocation of Mr. Sorenson's commercial pilot certificate based on the alleged violations. Mr. Sorenson appealed the order. At the hearing he testified that he was not intoxicated. He explained that the night before he had spilled some wine on his clothing which accounted for the smell of alcohol. He also contended that his bad back caused unsteadiness and staggering. The administrative law judge found that Mr. Sorenson had violated the regulations as alleged. On appeal the Board adopted the findings of the administrative law judge and specifically found that Mr. Sorenson had violated the regulations.

■ Mr. Sorenson argues on appeal that the Board's finding of intoxication was not supported by substantial evidence. He primarily contends that the witnesses lacked credibility and that the Board gave undue weight to their testimony. At the hearing the administrative law judge accepted the testimony of the government's witnesses and made all credibility findings in their favor. On review we must uphold the Board's findings of fact if they are supported by substantial evidence in the record. 49 U.S.C. § 1486(e); *Sanchez v. National Trans. Safety Bd.*, 574 F.2d 1055 (10th Cir.). Our function is not to weigh the evidence or to evaluate the witnesses' credibility. *Loomis v. McLucas*, 553 F.2d 634 (10th Cir.); *Nadiak v. C. A. B.*, 305 F.2d 588 (5th Cir.).

■ The witnesses' observations were sufficient to establish that the petitioner was under the influence of alcohol. Mr. Sorenson testified why he staggered and smelled of alcohol. He also cross-examined the government's witnesses. His contention that the testimony relied upon by the Board was unreliable and exaggerated is an argument concerning the weight and credibility. As such we refuse to disturb the Board's findings. The Board's findings are supported by substantial evidence.

Mr. Sorenson claims that his administrative hearing did not comply with the requirements of due process because the administrator never presented empirical evidence of intoxication. He specifically claims that at the time of the incident he should have been administered a chemical test as proof of intoxication.

■ Circumstantial evidence may be used by the administrator to meet the burden of proof under the statute. *Proud v. C. A. B.*, 357 F.2d 221 (7th Cir.). But in any event, the witnesses' observations of the petitioner provided substantial and direct evidence of his intoxication. *See Horvath v. Bond*, 679 F.2d 898 (9th Cir.), 1982. Here empirical evidence was not necessary to prove a violation of the regulations. The eyewitness accounts were sufficient. *See also, Herring v. Administrator, Federal Aviation Admin.*, 532 F.2d 1003 (5th Cir.).

Mr. Sorenson claims that the alphabet recital test administered at the airport should have been excluded from the administrative hearing because he never received a *Miranda* warning as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Under the facts and circumstances of this case, the petitioner's contention is without merit. The *Miranda* case concerned the admissibility of statements in a criminal proceeding obtained from a defendant questioned while in custody or otherwise deprived of his freedom in some significant way.

■ In this case the air national guardsmen stopped Mr. Sorenson to investigate a possible air safety violation. Mr. Sorenson was allowed to leave the parking area and the airport. He was not detained nor questioned in a coercive environment. Although the petitioner suffered an inconvenience and his freedom was somewhat inhib-

ited during the brief inquiry, the circumstances do not give rise to custodial interrogation. *Hensley v. United States*, 406 F.2d 481 (10th Cir.). *See also, United States v. Collom*, 614 F.2d 624 (9th Cir.), *cert. denied*, 446 U.S. 923, 100 S.Ct. 1862, 64 L.Ed.2d 278. The questioning was investigatory and not inquisitorial. The atmosphere was not coercive or hostile; instead, the guardsmen and security officer were merely inquiring into the petitioner's ability to fly safely. In any event, no criminal charges were contemplated. Thus the airport security was not required to give Mr. Sorenson a *Miranda* warning and the alphabet test was properly admitted into evidence.

Mr. Sorenson also contends that the Board's findings were not supported by sufficient evidence because the government's evidence constituted uncorroborated hearsay under Federal Rule of Evidence 801(c). However, agencies are not bound by the strict rules of evidence governing jury trials. *Morton v. Dow*, 525 F.2d 1302 (10th Cir.). Under the Administrative Procedures Act an agency need only exclude "irrelevant, immaterial or unduly repetitious evidence." 5 U.S.C. § 556(d). Otherwise, any documentary or oral evidence may be received.

■ The petitioner does not point to any particular testimony which constitutes hearsay. A review of the record indicates that all the government witnesses testified as to their personal observations. Although they also testified as to what Mr. Sorenson said, it appears from the record that those statements were never used to prove the truth of the statements. They were used to show what was said and the manner in which it was said. Thus, such testimony does not constitute hearsay. *See, Creaghe v. Iowa Home Mutual Casualty Co.*, 323 F.2d 981 (10th Cir.). Besides, under Federal Rule of Evidence 801(d)(2)(A), Mr. Sorenson's own statements are admissions by a party opponent and do not constitute hearsay.

Since we find that the testimony admitted was not hearsay, we need not decide the issue of whether uncorroborated hearsay can constitute substantial evidence in administrative proceedings. However, we do note that the circuits differ on this issue. *Compare, Johnson v. United States*, 628 F.2d 187 (D.C.Cir.); *Calhoun v. Bailar*, 626 F.2d 145 (9th Cir.); *Sch. Bd. of Broward City, Fla. v. H. E. W.*, 525 F.2d 900 (5th Cir.).

■ The petitioner contends that 14 C.F.R. § 91.11(a)(2) is unconstitutionally vague because the phrase "under the influence of alcohol" is indefinite. However, a statute is not unconstitutionally vague if it gives fair warning of the proscribed conduct. *United States v. National Dairy Corp.*, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561; *Daily v. Bond*, 623 F.2d 624 (9th Cir.). Thus the petitioner is entitled to be informed with reasonable certainty and explicitness of the standards by which his license may be revoked. *Dodson v. National Transportation Safety Board*, 644 F.2d 647 (7th Cir.); *Doe v. C. A. B.*, 356 F.2d 699 (10th Cir.). The prohibition of operating an aircraft while under the influence of alcohol can be reasonably understood due to the ordinary meaning of the words. The regulations sufficiently inform the petitioner of the proscribed conduct so his contention is without merit.

The order of the Board stands AFFIRMED.