931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
William O. HUTT and Viking Aviation, Inc., Petitioners-Appellants,
v.
NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation
Administration, Respondents-Appellees.
 No. 88-1237.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1991.
 
 Before HOLLOWAY, Chief Judge, HENLEY* and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT**
 HOLLOWAY, Chief Judge.
 
 
 1
 Petitioners William O. Hutt and Viking Aviation, Inc. appeal from a National Transportation Safety Board (NTSB) opinion and order affirming the ruling of an administrative law judge (ALJ) regarding Federal Aviation Administration (FAA) sanctions of petitioners. Petitioner Viking Aviation's appeal was dismissed in July 1989, pursuant to its motion.
 
 
 2
 Mr. Hutt, the owner and president of Viking Aviation, is also licensed by the FAA as a commercial transport pilot and flight instructor, who has been flying for approximately twenty-three years. At various times Viking employed other pilots, including Mr. Charles Hilburn.
 
 
 3
 On September 17, 1986, the FAA issued an order suspending Hutt's commercial pilot certificate for 90 days and Viking's air carrier operating certificate for 180 days. The allegations involving Hutt were that he had flown five round-trip, for compensation or hire, passenger-carrying flights over a four day period without completing certain checks and without carrying a load manifest.[1] I R. at 1, 2. Specifically it was alleged that Hutt had not passed a competency check; it was also charged that there was no oral or written check within the previous twelve months in the type of aircraft used in the five flights. See Id.; 14 C.F.R. Secs. 135.293(a), (b) (1988).
 
 
 4
 Hutt and Viking appealed the orders of suspension to the NTSB, admitting the regulatory violations but challenging the sanctions. Brief of Petitioners at 2. Upon unopposed motion by the Administrator of the FAA (Administrator), the cases against Hutt and Viking were consolidated by the ALJ, along with a third related case against Hilburn. I R. at 33. The cases were tried before the ALJ, who reduced the term of the FAA suspension order. Hutt's suspension was reduced from 90 days to 60 days, while Viking's was reduced from 180 days to 120 days. Id. at 102-03.
 
 
 5
 As a final exhaustion of petitioners' administrative remedies, the ALJ decision was appealed to the full NTSB which upheld the orders. See 49 C.F.R. Sec. 821.47 (1991). This appeal follows, pursuant to the Federal Aviation Act. See 49 U.S.C. Sec. 1486(a).
 
 
 6
 * Our review of agency decisions is narrow. Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285 (1974). We are not empowered to substitute our judgment for that of the agency, but we must instead determine if the decision made was arbitrary and capricious, meaning a clear error of judgment, abuse of discretion or otherwise being not in accordance with the law. Id; Tearney v. National Transp. Safety Bd., 868 F.2d 1451, 1453 (5th Cir.), cert. denied, 110 S.Ct. 333 (1989); Barnum v. National Transp. Safety Bd., 595 F.2d 869, 871 (D.C.Cir.1979); 5 U.S.C. Sec. 706(2)(A), (E).
 
 
 7
 Factual findings of the Board are to be upheld if they are supported by substantial evidence in the record. 49 U.S.C. Sec. 1486(e); Erickson v. National Transp. Safety Bd., 758 F.2d 285, 287 (8th Cir.1985); Sorenson v. National Transp. Safety Bd, 684 F.2d 683, 685 (10th Cir.1982); Sanchez v. National Trans. Safety Bd, 574 F.2d 1055, 1056 (10th Cir.1978). Circumstantial evidence may be used to meet this burden of proof. Sorenson, at 685.
 
 II
 
 8
 Petitioner Hutt argues that his right to procedural due process was violated when the ALJ found that Hutt had failed to compute weight or balance, and used this finding as an aggravating factor against him. Petitioner's Brief at 4-5; Petitioner's Reply Brief at 6. First, Hutt claims that no allegation of such a failure was made in the complaint against Hutt, nor raised by the FAA in the hearing. Second, Hutt claims that the ALJ improperly went beyond the evidence presented at the hearing in deciding that the computations were not made.
 
 
 9
 Among other things, Hutt was charged by the Administrator with "not carry[ing] a copy of a load manifest in the aircraft to its destination" and therefore, with violating "[s]ection 135.63(c) in that, [he] acted as pilot-in-command of an aircraft for which a load manifest must be prepared without carrying a copy of said load manifest in the aircraft to its destination." I R. at 1-2. It is undisputed that Hutt admitted this alleged violation. Petitioner's Reply Brief at 6. Hutt also admitted that he had not prepared a load manifest for at least some of the flights at issue. I R. at 75.
 
 
 10
 The NTSB found that the "absence of a load manifest is prima facie evidence that the requisite weight and balance calculations were not made, and Respondent [Hutt] failed to rebut that evidence with any paperwork of his own that this essential pre-flight duty was indeed accomplished." I R. at 194. Moreover, the allegation only involved the failure to prepare or carry a copy of a load manifest, which would be the case even if balance had been calculated elsewhere. Id.
 
 
 11
 A load manifest must include at least eight items of information, four of which involve weight and balance calculations, with the remaining four items being identifying aspects of the flight.[2] We agree with the NTSB that the absence of a load manifest serves as some evidence that no formal weight and balance computations were performed. This allegation was admitted by Hutt and he produced no evidence as to any separate calculation of weight and balance.
 
 
 12
 This is not a situation where the ALJ introduced a new charge sua sponte, a situation which, though treacherous, can be permissible if the uncharged violation has been fully litigated by the parties. See N.L.R.B. v. Tamper, 522 F.2d 781, 789-90 (4th Cir.1975). We see the ALJ's discussion of the failure to compute the weight and balance of the plane as his elaboration on the importance of preparing a load manifest. He was explaining that a load manifest is an important part of flight safety, not a mere bureaucratic requirement and that failure to complete such a manifest is a serious offense.
 
 
 13
 The admission of either failure to prepare or to carry a load manifest is circumstantial evidence that the weight and balance calculations were not performed. See Newman v. Shaffer, 494 F.2d 1219, 1220 (2d Cir.1974). Since this finding by the ALJ is supported by substantial uncontroverted evidence, it should not be set aside.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable J. Smith Henley, Senior Circuit Judge of the Eighth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Hutt was mistakenly charged with violating 14 C.F.R. Sec. 135.63(c) by failing to carry a load manifest, when, in fact, this code section requires the preparation of a load manifest. It is the code section which immediately follows, 135.63(d), which requires the carrying of a completed load manifest. See 14 C.F.R. Secs. 135.63(c), (d) (1991)
 
 
 [2]
 A load manifest must include:
 (1) The number of passengers;
 (2) The total weight of the loaded aircraft;
 (3) The maximum allowable takeoff weight for that flight;
 (4) The center of gravity limits;
 (5) The center of gravity of the loaded aircraft, except that the actual center of gravity need not be computed if the aircraft is loaded according to a loading schedule or other approved method that ensures that the center of gravity of the loaded aircraft is within approved limits. In those cases, an entry shall be made on the manifest indicating that the center of gravity is within limits according to a loading schedule or other approved method;
 (6) The registration number of the aircraft or flight number;
 (7) The origin and destination; and
 (8) Identification of crew members and their crew position assignments. 14 C.F.R. Sec. 135.63(c) (1991).