953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry James GREEN, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD, Respondent.
 No. 91-9539.
 United States Court of Appeals, Tenth Circuit.
 Jan. 30, 1992.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 PATRICK F. KELLY, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner Larry James Green seeks review of a decision of the National Transportation Safety Board (Board), upholding a Federal Aviation Administration (FAA) Order suspending his pilot certificate for a period of six months. The administrative law judge (ALJ) found violations of Federal Air Regulations (F.A.R.), 14 C.F.R. §§ 61.93(a), 61.93(c)(1), 61.93(c)(2), 91.105(a), 91.79(c), and 91.9.[1] Petitioner appeals only the determination of violation under § 91.105(a) and the resulting violation of § 91.9.[2] The only issue presented on appeal is whether the Board correctly interpreted § 91.105(a).
 
 
 6
 The incident giving rise to this Petition for Review occurred on February 10, 1988. On that date, Petitioner, a student pilot, took off from Stillwater, Oklahoma, en route to Sundance Airpark near Oklahoma City, Oklahoma, a distance of approximately forty-five miles in uncontrolled airspace. The Stillwater airport manager, Gary Johnson, strongly advised Petitioner against taking off that morning due to adverse weather conditions which were below visual flight rule (VFR) minimums. Petitioner, apparently relying on his father's telephoned assessment of the weather in Oklahoma City, ignored Mr. Johnson's admonition and took off anyway. Mr. Johnson then called the FAA in Oklahoma City and informed them of what had transpired. In response to Mr. Johnson's concerns, the FAA dispatched Inspector Jarrett McFarlin to Sundance to intercept and interview Petitioner when he landed. Inspector McFarlin testified at the hearing that he did not see Petitioner's aircraft until he flared for landing at the end of the runway, a distance of approximately one-half mile from Inspector McFarlin's observation point.
 
 
 7
 In response to this incident, the FAA sought revocation of Petitioner's pilot certificate, alleging that Petitioner flew cross-country, a distance in excess of twenty-five nautical miles, without the proper qualifications or instructor endorsement, violated visibility and altitude restrictions, and operated an aircraft in a careless and reckless manner. Following a hearing, the ALJ concluded that Petitioner had violated six F.A.R.s, but in lieu of revocation, suspended Petitioner's pilot certificate for one hundred eighty days. On appeal, the Board affirmed the findings of the ALJ as to all violations except 14 C.F.R. § 91.79(c), which allegation the FAA withdrew on appeal.
 
 
 8
 The Board's interpretation of statutes is reviewed de novo. Hill v. National Transp. Safety Bd., 886 F.2d 1275, 1278 (10th Cir.1989). "We accord deference to an administrative agency's interpretation of a statute or regulation if such interpretation is not clearly contrary to the 'plain and sensible meaning' of the statute or regulation." Id. (quoting Hart v. McLucas, 535 F.2d 516, 520 (9th Cir.1976)).
 
 
 9
 This court in Hill stated that "[t]he potential for pilot conduct to endanger safety in interstate, overseas, or foreign air commerce is all that is necessary to support the FAA's order of suspension." Hill, 886 F.2d at 1280; see also Roach v. National Transp. Safety Bd., 804 F.2d 1147, 1157 (10th Cir.1986) (a potential endangerment to life or property is enough to establish a violation of § 91.9), cert. denied, 486 U.S. 1006 (1988).
 
 
 10
 Petitioner left Stillwater airport in very questionable weather conditions despite the express advice of the airport manager that the weather was below minimums for visual flight. R.Tr. at 61. It appears Petitioner failed to ascertain, or if he did ascertain, to heed, flight recommendations based on weather conditions from any weather observing facility.[3] Id. at 60-61. Although Petitioner maintained that he had one-mile visibility at all times during the flight, Mr. Johnson testified that his estimate of visibility at the time Petitioner left Stillwater was only one-half to three-fourths of a mile. Inspector McFarlin testified that at Sundance he could not see Petitioner's airplane until he flared for landing at the end of the runway, a distance of only one-half mile. Petitioner claims that the district court disregarded the testimony of George Faulk, another FAA employee, as to the weather conditions at Wiley Post Airport and Will Rogers Airport. However, these airports are a minimum of five miles from Sundance and weather conditions at that distance could not be considered dispositive, especially in light of the testimony of Inspector McFarlin as to the visibility at Sundance.
 
 
 11
 At the time Mr. Johnson officially reported the incident to the FAA, he stated in his letter that he estimated visibility at Stillwater at the time Petitioner took off to be approximately one mile. At the time of the hearing, however, Mr. Johnson estimated visibility to be between one-half and three-fourths mile. The Board noted this inconsistency, R. at 199, as do we. However, in light of Inspector McFarlin's testimony, we conclude the disparity to be of minimal importance to the decision.
 
 
 12
 After a careful examination of the evidence and testimony, it is our conclusion that the ALJ did not err in finding that Petitioner operated his aircraft in visibility below visual flight minimums. Although he testified that he maintained one mile visibility during the entire flight, the ALJ found such testimony to lack credibility. Our function, on review, " 'is not to weigh the evidence or to evaluate the witnesses' credibility.' " Hill, 886 F.2d at 1278 (quoting Sorenson v. National Transp. Safety Bd., 684 F.2d 683, 685 (10th Cir.1982)).
 
 
 13
 Petitioner argues that both Inspector McFarlin and Mr. Johnson were testifying as to "ground" visibility, and therefore, because the regulation refers to "flight" visibility, Petitioner's estimate of visibility was more credible. Petitioner can cite us to no authority, however, which makes the pilot's estimate of visibility binding on the ALJ. Therefore, Petitioner's argument that the regulation requires that evidence regarding surface visibility be subordinated or ignored is without merit.
 
 
 14
 The Board concluded that the preponderance of the reliable, probative, and substantial evidence supported the ALJ's conclusion that Petitioner was not qualified or authorized to make a flight of the distance he was undertaking, took off in marginal weather conditions against informed advice, and that his visibility at the time of landing was well below minimums. Looking at Petitioner's violations as a whole and recognizing the potential of Petitioner's actions for endangering life and property, we feel that the ALJ's reduction of sanction from revocation to suspension was generous.
 
 
 15
 Therefore, we DENY the Petition for Review and AFFIRM the Order suspending Petitioner's certificate for six months.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The citation to 14 C.F.R. §§ 91.105 and 91.9, as well as the other sections of the Code of Federal Regulations, are correct for the 1988 regulations under which Petitioner was sanctioned. The same regulations are now 14 C.F.R. §§ 91.155 and 91.13(a) respectfully, due to a major revision of this section subsequent to Petitioner's hearing
 
 
 [2]
 14 C.F.R. 91.105(a) (1988) reads in pertinent part:
 (a) Except as provided in § 91.107, no person may operate an aircraft under [Visual Flight Rules] when the flight visibility is less, or at a distance from clouds that is less, than that prescribed for the corresponding altitude in the following table:
 ....
 Outside controlled airspace......... 1 statute mile 14 C.F.R. § 91.9 (1988) reads:
 No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.
 
 
 [3]
 Petitioner testified that he called a flight service station before he took off, but that he could not remember what he was told regarding the weather, and in fact, appeared to place minimal importance on their flight recommendations. R.Tr. at 140