30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard KRAGNESS, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD and Administrator,
Federal Aviation Administration, Respondents.
 No. 92-70798.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided July 1, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leonard Kragness petitions for review of the National Transportation Safety Board's ("NTSB") decision upholding the revocation of his commercial pilot's certificate. He argues that under the applicable statute, he was entitled to a hearing before an Administrative Law Judge in which he could personally argue the merits of his case and the appropriate sanction. We affirm the NTSB's decision.
 
 
 3
 The Federal Aviation Administration ("FAA") revoked Kragness' license pursuant to FAR Sec. 61.15(a)(2), 14 C.F.R. Sec. 61.15(a)(2) (1993). That regulation provides that a pilot's certificate may be revoked if the certificate holder has been convicted of a federal or state crime involving a controlled substance. Kragness does not dispute that he has been convicted of such crimes. He was convicted in 1985 on seven drug related counts, including conspiracy to import and distribute marijuana, interstate travel to promote marijuana exportation, and RICO. His conviction was upheld on appeal. United States v. Kragness, 830 F.2d 842, 853 (8th Cir.1987). The evidence at trial indicated that as a part of his drug business, Kragness had personally flown or arranged for cargoes of marijuana to be flown into the country. Id. at 848-53.
 
 
 4
 Relying on the details provided in the Eighth Circuit's opinion affirming, the FAA concluded that Kragness had used an aircraft in the commission of his drug related offenses, and therefore deemed revocation rather than suspension to be the appropriate sanction. See Kolek v. Engen, 869 F.2d 1281 (9th Cir.1989) (upholding revocation as sanction for Sec. 61.15 violation); Walters v. McLucas, 597 F.2d 1230, 1232 (9th Cir.) (per curiam) (same), cert. denied, 444 U.S. 932 (1979); see also Essery v. NTSB, 857 F.2d 1286, 1291 (9th Cir.1988) (choice of sanction is at the FAA's discretion).
 
 
 5
 Before his certificate was revoked, Kragness had an opportunity to submit in writing any response that he wished to make to the government's charges. Kragness nevertheless contends that he was entitled to a live hearing, both because there was a material issue of fact concerning whether or not an aircraft had been used in the commission of the offense, and because such a hearing is required by the terms of 49 U.S.C.App. Sec. 1429(a).[1] That statute provides:
 
 
 6
 Any person whose certificate is affected by such an order of the Secretary of Transportation under this section may appeal the Secretary of Transportation's order to the National Transportation Safety Board and the National Transportation Safety Board may, after notice and hearing, amend, modify, or reverse the Secretary of Transportation's order.
 
 
 7
 The summary proceedings used by the Board here are not foreclosed by Sec. 1429(a). This court has already held in Kolek v. Engen, 869 F.2d 1281, 1288 (9th Cir.1989), that where there are no disputed facts, the NTSB may affirm the revocation of a pilot's certificate for violation of FAR Sec. 61.15(a)(2) without an oral hearing. Kragness attempts to distinguish the case on the ground that Kolek involved a judgment on the pleadings as authorized by 49 C.F.R. Sec. 821.17(b), whereas this case involved a summary judgment proceeding not specifically authorized by any regulation. The critical point, however, is that if Sec. 1429(a) mandates an oral hearing in every case as Kragness urges, then the summary proceedings in Kolek would have been invalid regardless of the existence of a contradictory regulation. The statute therefore does not require an oral hearing in every case.
 
 
 8
 The same reasoning applies to Kragness' contention that he was entitled to a hearing before the penalty was imposed. He had an opportunity to present mitigating arguments in writing, and the statute does not require an oral hearing where there are no disputed issues of fact. Kragness apparently wished to appear personally before the ALJ to challenge his credibility of witnesses in his criminal trial in order to persuade the ALJ that an airplane had not been involved in the offenses. He does not explain, however, why any arguments concerning those witnesses' credibility could not have been presented in writing, nor does he proffer any additional evidence he wished to present that was not considered in his criminal trial. Given the strength of the evidence--the Eighth Circuit's opinion affirming Kragness' convictions--that an airplane was involved in Kragness' offense, and the fact that any questions of witness credibility were resolved against Kragness by a jury, the Board did not err in concluding that there were no genuine issues of fact requiring an evidentiary hearing in this case.
 
 
 9
 Kragness also suggests that principles of procedural due process require an oral hearing at which he could argue for a reduced sanction; however, no such argument was presented to the agency and no authority to support such an argument is presented to us. Indeed such an argument was squarely rejected in Kolek. 869 F.2d at 1288.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although neither party has raised the issue, we note that a more relevant statute appears to be 49 U.S.C.App. Sec. 1429(c), rather than Sec. 1429(a). Subsection (c) specifically provides that the administrator shall revoke the certificate of any airman convicted of state or federal crimes relating to a controlled substance and punishable by imprisonment for a term exceeding one year, if that person was on board an aircraft used in the commission of the offense. Subsection (c)(3) then provides that "any person whose certificate is revoked by the administrator under this subsection may appeal the administrator's order to the National Transportation Safety Board and the Board shall, after notice and a hearing on the record, affirm or reverse the administrator's order." Particularly in the absence of any argument to the contrary, however, we decline to find on this record that the requirements of subsection (c)(3) differ materially from those of subsection (a)