39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dean REED, doing business as Dean Reed Cattle Company, Pete
Donathan, Petitioners,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.
 No. 93-9535.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 
 Before SEYMOUR, Chief Judge, LOGAN, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dean Reed and Pete Donathan filed a petition with this court to review a final order of the Secretary of the United States Department of Agriculture (USDA), which imposed civil sanctions upon them for shipping cattle interstate without proper certification. We affirm the Secretary's order.
 
 
 3
 The USDA's Chief Administrative Law Judge (ALJ) found that Mr. Reed and Mr. Donathan had violated regulations promulgated pursuant to the Cattle Contagious Diseases Act. 21 U.S.C. 111-313, 120-22. The ALJ determined that Mr. Reed, doing business as Dean Reed Cattle Company, and Mr. Donathan made interstate shipments of brucellosis reactor, brucellosis exposed, or brucellosis test-eligible cattle between 1988 and 1991 which failed to comply with the requirements of 9 C.F.R. 78 (1994). The ALJ assessed civil penalties of $8,500 against Mr. Reed for 3 violations. For violations that did not create a risk of spreading the disease, the ALJ calculated the penalties at half the amount of the penalties imposed for those violations that did threaten to spread brucellosis.
 
 
 4
 Mr. Reed and Mr. Donathan appealed to the Secretary of Agriculture, who referred the matter to the Judicial Officer (JO). Petitioners asserted that the ALJ erred by: (1) relying upon inadmissible hearsay; (2) limiting their right of cross-examination by allowing unsworn testimony; (3) relying upon uncertified, unofficial records or documents; (4) inferring from Mr. Reed's failure to appear that his testimony would have been adverse to his interests; (5) assessing civil penalties under 21 U.S.C. 122 without evidence that Mr. Reed and Mr. Donathan knew they were committing a violation; and (6) imposing excessive penalties. The JO adopted the ALJ's Initial Decision and Order with minor changes, and Mr. Reed and Mr. Donathan filed this appeal, raising the same six objections. We exercise jurisdiction under 28 U.S.C. 2342(2).
 
 
 5
 We defer to factual findings of administrative agencies that are supported by substantial evidence. See Wyoming v. Alexander, 971 F.2d 531, 536 (10th Cir.1992) (discussing standard of review for Department of Education's factual findings); see also 5 U.S.C. 706(2)(E). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). In further deference to the unique fact-finding role of agencies, the Federal Rules of Evidence do not govern agency proceedings. Sorenson v. National Transp. Safety Bd., 684 F.2d 683, 686 (10th Cir.1982). An agency must only exclude evidence which is "immaterial, irrelevant, or unduly repetitious, or which is not of the sort upon which responsible persons are accustomed to rely." 7 C.F.R. 1.141(g)(iv)(1994); see also Administrative Procedure Act, 5 U.S.C. 556(d); Sorenson, 684 F.2d at 686. Therefore, reliable hearsay may constitute substantial evidence in an administrative proceeding. See Richardson v. Perales, 402 U.S. 389, 402 (1971).
 
 
 6
 Mr. Reed and Mr. Donathan allege that the ALJ erred by allowing the introduction of hearsay in the following forms: (1) copies of brucellosis test records, permits for the movement of restricted animals, and other documents which are kept pursuant to government requirements; (2) the sworn affidavits of third parties corroborated by additional documents and taken by USDA investigators who are legally authorized to take such affidavits for use in administrative proceedings; and (3) testimony of USDA investigators regarding information obtained from third parties. We agree with the JO that this evidence "clearly meet[s] the requirement for admissibility under the Rules of Practice," Aplt.App. at 35, as it is not "irrelevant, immaterial, or unduly repetitious," see 5 U.S.C. 556(d); 7 C.F.R. 1.141(g)(iv) (1994), and is "of the sort upon which responsible persons" rely. Id.
 
 
 7
 Mr. Reed and Mr. Donathan also claim that the introduction of the affidavits deprived them of their right to cross-examine witnesses. We find this argument unpersuasive as neither side can compel testimony under the Rules of Practice unless authorized by statute, 7 C.F.R. 1.149(a) (1994); the Cattle Contagious Diseases Act does not authorize such subpoena power. Mr. Reed and Mr. Donathan also had ample opportunity to depose the affiants under procedures provided in 7 C.F.R. 1.148 (1994).[2]
 
 
 8
 In addition, after consideration of the record, the ALJ's findings, and relevant case law, we reject the argument that the ALJ could not draw an adverse inference from Mr. Reed's failure to testify.
 
 
 9
 Mr. Reed and Mr. Donathan also assert that the imposition of civil penalties under 21 U.S.C. 122 requires a "knowing" violation of the regulations, and that the government failed to prove they had the requisite knowledge. We review this question of law de novo. See Miera v. N.L.R.B., 982 F.2d 441, 444 (10th Cir.1992). The text of the statute clearly requires a "knowing" violation for the imposition of criminal penalties, but omits such a requirement from the civil penalty provisions. 21 U.S.C. 122. We therefore reject the petitioners' argument that Congress intended to include a mens rea requirement in the civil provisions of the statute.
 
 
 10
 Finally, Mr. Reed and Mr. Donathan claim that the civil penalties assessed by the ALJ were excessive. Under the provisions of the statute, the Secretary of Agriculture may assess civil penalties of "not more than one thousand dollars" for each violation. 21 U.S.C. 122. The ALJ imposed penalties of $8500 on Mr. Reed for 10 violations and $2500 on Mr. Donathan for 10 violations. He also assessed the penalties for those violations which did not create a risk of spreading the disease at half the amount imposed for violations that did. We agree with the JO that these penalties are "modest considering the importance of the Brucellosis Eradication Program." Aplt.App. at 47. We hold that the penalties assessed against Mr. Reed and Mr. Donathan are not excessive.
 
 
 11
 We AFFIRM the order of the Secretary of the United States Department of Agriculture.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The complainant filed its list of proposed exhibits and witnesses on February 18, 1992. The hearing took place on June 25, 1992